United States District Court
Southern District of Texas
**ENTERED**
November 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:12-0273-1 |
| | § | |
| JOHN RUSSELL MORALES | § | |
| BOP # 66258-079 | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant John Russell Morales filed a motion for compassionate release (Dkt. 54; Dkt. 56) seeking release from the Bureau of Prisons (BOP) under 18 U.S.C. § 3582(c)(1)(A). The Government is not opposed (Dkt. 58). Having fully considered the motion, the briefing and supporting documents, the applicable law, and all matters of record, the Court **GRANTS** Defendant's motion for the reasons explained below.

**I.    BACKGROUND**

On May 13, 2013, Defendant pleaded guilty to one count of possession with intent to distribute 1,000 or more marijuana plants (Count 1) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 2). The remaining counts were dismissed on the Government's motion. On February 3, 2014, the Court sentenced Defendant to 135 months in the BOP for Count 1, followed by a mandatory consecutive term of 60 months in the BOP for Count 2, for a total of 195 months in the BOP. The Court also imposed a 5-year term of supervised release. *See* Dkt. 28 (plea agreement); Dkt. 35 (final pre-sentence investigation report); Dkt. 47 (judgment); Dkt. 48 (statement of

reasons). Defendant waived his right to appeal and did not file an appeal.

On March 31, 2015, the Court reduced Defendant's sentence on Count 1 from 135 to 120 months under 18 U.S.C. §3582(c)(2), based on a guideline sentencing range that had subsequently been lowered and made retroactive by the United States Sentencing Commission (Dkt. 52). After the reduction, Defendant's total term of imprisonment was 180 months.

Defendant is now 50 years old. To date, he has served approximately 139 months of his 180-month sentence. Additionally, he has earned good-conduct time that reduces his sentence by approximately 20 months. His current projected release date is July 9, 2025, approximately 20 months from now. *See* Dkt. 54-1, at 4-6 (Sentence Monitoring Computation Data as of May 31, 2023); Find an Inmate, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Nov. 1, 2023).

Defendant seeks release based on his family circumstances, in particular, his 91-year-old mother who is incapacitated and has no other available caregiver for 24-hour care. He requests that this Court reduce his term of imprisonment to time served. He does not request relief from his 5-year term of supervised release. The Government does not oppose his request (Dkt. 58).

## II.  COMPASSIONATE RELEASE UNDER U.S.C. § 3582(c)

In general, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant a reduction either upon motion by the Director of the BOP or upon motion of the defendant.

Section 3582(c)(1)(A) permits the sentencing court to grant a reduction in sentence, following consideration of factors set forth in 18 U.S.C. § 3553(a), where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Therefore, a prisoner seeking release under § 3582(c)(1)(A) "must overcome three hurdles":

> First, [the prisoner] must prove that extraordinary and compelling reasons justify a sentence reduction. Second, the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). If the § 3553(a) factors weigh against a reduction, the district court has the discretion to deny the motion.

*United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) (cleaned up). The defendant bears the burden to "convince the district judge to exercise discretion to grant the motion for compassionate release." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up). The district court must provide a "thorough factual record" and "specific factual reasons" for its decision, including but not limited to consideration of the § 3553(a) factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A prisoner must exhaust administrative remedies before seeking relief under § 3582(c)(1)(A). *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Defendant presents evidence that he exhausted his remedies. *See* Dkt. 54-1, at 3 (warden's

denial of Morales' request for compassionate release). The Court therefore examines the merits of his request.

### A. Extraordinary and compelling reasons

A reduction in sentence may be based in part on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The relevant sentencing guidelines, U.S.S.G. § 1B1.13, have been amended effective November 1, 2023. As amended, the guideline provision lists six factors that support a finding of "extraordinary and compelling reasons" under the statute: (1) certain medical circumstances of the defendant; (2) the defendant's advanced age; (3) certain family circumstances of the defendant; (4) certain sexual or physical abuse of the defendant while imprisoned; (5) other reasons; or (6) certain changes in the law for defendants who received an usually long sentence and have served at least 10 years. U.S.S.G. § 1B1.13(b) (eff. Nov. 1, 2023). One family circumstance that qualifies as an extraordinary and compelling reason under the amended guidelines is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Here, Defendant seeks release because he is the only available caregiver for his 91-year-old mother, Mary Lou Morales.

### 1. Mother's medical condition

Defendant submits evidence that his mother is terminally ill and in need of 24-hour care. He provides a letter from his mother stating that she was diagnosed with chronic myeloid leukemia approximately 20 years ago; that she has developed stage 4 chronic kidney disease "[b]ecause of years of treatment for" her leukemia; and that she additionally

suffers from "inoperable congestive heart failure" and severe anemia (Dkt. 54-1, at 15). She states that she lives alone, is not expected to recover, is bedridden and "unable to get up to do anything for [herself]," and that her hospice nurse who comes "a few days a week" is inadequate to meet her daily needs (*id.*). She also states that, if Defendant were released and lived with her, he could help her use the bathroom, prepare meals, and dress (*id.*). Defendant also submits a letter from his brother, Charles Morales, who states that their mother's disease has progressed to the point where she cannot live alone, that she requires "24 hour round the clock care" (*id.* at 17).

Defendant provides his mother's medical records from a visit with a cardiologist, James K. O'Neill, M.D., on January 4, 2023. The records reflect that Ms. Morales suffers from multiple ongoing medical issues including chronic myeloid leukemia, renal failure, coronary artery disease, chronic kidney disease, heart failure, coronary artery disease, "complete heart block," and venous insufficiency (*id.* at 20-22). Dr. O'Neill's records also reflect that Ms. Morales reported difficulty completing her ADLs, or activities of daily living, at home (*id.* at 20).

Defendant also provides a letter from Maher Bishara, M.D., a nephrologist who has treated Ms. Morales since 2016. Dr. Bishara states that Ms. Morales suffers from chronic kidney disease, stage 4, along with "numerous debilitating symptoms of comorbidities associated with cancers, heart disease, severe anemia, and chronic kidney disease" (*id.* at 19). He further states that "Ms. Morales['] prognosis is manageability, not recovery"; that the "combination of her advanced age, terminal illnesses, and progressive complications

requires at home care"; and that Defendant "will be able to provide the care and attention home health nurses cannot provide" (*id.*).

### 2.   Available caregivers

Defendant presents evidence from his family to support his claim that he is the only caregiver available to meet his mother's need for 24-hour care. His brother, Charles Morales, states that family members other than Defendant "cannot possibly provide" adequate care due to employment obligations and, additionally, that the family does not "have the financial means to hire full time healthcare" (*id.* at 17). Defendant's sister, Sharon Erisman, submits a letter stating that she works as a bus driver and holds two other part-time jobs, and thus cannot meet all of her mother's needs (*id.* at 18). Defendant's nephew, William R. Morales, III, states that his father, William R. Morales, Jr., was widowed at a young age, raised his sons as a single father, and is now terminally ill; that he and his brother have worked for decades at the commercial transport business founded by their father; and that he and his brother are "also the primary care givers for [their] maternal grandmother . . . who is experiencing her own end of life situation" and therefore "are unable [to] help with the care of" Ms. Morales (*id.* at 16). All family members state that they cannot provide the level of care Ms. Morales now requires and that she needs Defendant's help.

The Government, which does not oppose Defendant's request, has submitted no evidence countering Defendant's claim that extraordinary and compelling reasons warrant his early release from the BOP. The Court thus determines that Defendant's mother is

Case 4:12-cr-00273   Document 59   Filed on 11/02/23 in TXSD   Page 7 of 10

incapacitated and that Defendant is the only available caregiver for her mother given her current needs, satisfying U.S.S.G. § 1B1.13(b)(3)(C).

### B.     Factors under 18 U.S.C. 3553(a) and 18 U.S.C. § 3142(g)

The statute governing compassionate release, § 3582(c)(1)(A), also requires Defendant to demonstrate that the sentencing factors in 18 U.S.C. § 3553(a) support his release. The applicable factors include, among others, the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with training or treatment in the most effective manner; the kinds of sentences available; and any pertinent policy statement of the United States Sentencing Commission. *See* 18 U.S.C. § 3553(a).

Additionally, the sentencing guidelines instruct the Court to consider whether the defendant is a danger to any other person or the community as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(a)(2) (a court may reduce a term of imprisonment if, among other factors, it determines that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"). The relevant factors for determining whether the defendant is a danger to others or the community include the nature and circumstances of the offenses of conviction; the weight of the evidence; the defendant's history and characteristics; and the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

Defendant argues that the factors under § 3553(a) and § 3142(g) support his request for early release. He submits that he accepted responsibility at the time of sentencing for his criminal conduct; that his criminal offense was non-violent; that he has served over 85% of his sentence; and that society's standards for offenses regarding marijuana have relaxed since his conviction in 2014 (Dkt. 54, at 16-22). He also submits that he has not engaged in violent conduct during his incarceration; that he has completed 50 educational programs and four vocational trades in the BOP; that the BOP has assigned him a low risk of recidivism; and that he has maintained his connections at home and enjoys family support. *Id.*; *see* Dkt. 54-1, at 7-8 (Recidivism Risk Assessment (PATTERN 01.03.00)); *id*. at 9-10 (Inmate Education Data); *id*. at 11 (Inmate Discipline Data). Finally, he submits that his current age and the time he has spent in prison, together with his 5-year term of supervised release, provide adequate deterrence from future criminal conduct (Dkt. 54, at 19-22).

Defendant also provides a proposed re-entry plan which includes housing with his mother, where he will care for her; an available job at the family's commercial transport business with "a flexible schedule to care for his mother"; and extensive support as documented in family members' letters stating their intent to provide him with financial, social, and emotional support. *See* Dkt. 56-1 (proposed release plan); Dkt. 54-1, at 15 (letter from mother regarding housing); *id*. at 16 (letter from nephew regarding employment); *id.* at 17 (letter from brother); *id*. at 18 (letter from sister).

The Government does not oppose Defendant's request and submits no argument that Morales is a danger to the community under § 3142(g) or that a reduction in sentence

would be inconsistent with the sentencing factors under § 3553(a). Given the circumstances of the Defendant's offense, his disciplinary and educational record during incarceration, his documentation of available housing and employment upon release, his low risk of recidivism, his age, his family circumstances, and the fact that he has served the vast majority of his sentence, the Court determines under § 3142(g) that Defendant is not a danger to the safety of any other person or the community. Additionally, based on the same factors, the Court finds under § 3553(a) that the time served has provided just punishment, adequate deterrence, protection for the public from further crimes, and rehabilitation.

### III.   CONCLUSION

For all of the reasons stated above, the Court finds that extraordinary and compelling reasons warrant the reduction of Defendant's term of imprisonment to time served. The Court additionally determines that factors under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) weigh in favor of a reduced sentence. The Court therefore **ORDERS** as follows:

1. John Russell Morales' motion for compassionate release (Dkt. 54; Dkt. 56) is **GRANTED** under 18 U.S.C. § 3582(c)(1)(A)(i).

2. Defendant is re-sentenced to a term of credit for time served in the Bureau of Prisons, followed by a five-year term of supervised release. All conditions of supervised release imposed in the original judgment (Dkt. 47) remain in effect.

3. The Bureau of Prisons is **ORDERED** to release Defendant from its custody immediately.

4. As stated in the original judgment, Defendant shall report in person to the probation office in the district to which he is released within 72 hours of release from the Bureau of Prisons.

The Clerk will provide a copy of this order to the parties and to the Probation Office.

SIGNED at Houston, Texas, on _____November 2_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE